

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2785 | **DATE** | 3/12/2002 |
| **CASE TITLE** | Vardon Golf Co. vs. Karsten Mfg. Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Vardon's motion to substitute the '951 patent into the case is denied in its entirety. [Doc. #150].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 8 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2002 date docketed | 173 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3-13-02 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| vg(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **Vardon Golf Company, Inc.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 99 C 2785 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| **Karsten Manufacturing Corporation,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

DOCKET
MAR 1 4 2002

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff/counter-defendant's, Vardon Golf Company, Inc. ("Vardon"), motion to substitute the '950 reissue patent into this case. For the following reasons, the plaintiff's motion is denied.

Vardon commenced its first action against Karsten Manufacturing Corporation ("Karsten") in the Northern District of Illinois. The Vardon complaint alleged in part that Karsten's ISI titanium driver infringed claims 12 and 15 of Vardon's '941 patent. On September 7, 2000, this court issued a ruling that construed the claim term "substantially uniform thickness" as meaning the standard commercial tolerance of ± 0.5%. Vardon Golf Co. v. Karsten Mfg. Corp., No. 99 C 2785, 2000 WL 1304999, *9 (N.D. Ill Sept. 13, 2000) ("Vardon I"). The court held as a matter of law that the Karsten golf club:

> varies in thickness between 0.1087 inches and 0.0932 inches-- the latter thickness being slightly more than 94% the thickness of the former. This variation does not meet the literal requirement of substantial uniformity. Since this limitation is completely absent, there can be no literal infringement,

DOCKETED
MAR 1 4 2002



and there can also be no infringement under the doctrine of equivalents.
Id. at 10 (internal citations omitted). Accordingly, this court granted Karsten's motion for summary judgement on the two claims containing the term "substantially uniform thickness." Id.

Shortly thereafter, Vardon surrendered the '941 patent and obtained a reissued patent ("the '950 patent"). Vardon then brought suit against Karsten alleging that Karsten infringed claim 22 of the '950 patent. Claim 22 does not contain the limiting term "substantially uniform thickness." Karsten answered the complaint. In an action before Judge Kocoras, Vardon then sought to amend its complaint to include allegations of infringement of claims 12-21 of the '950 patent, as well as identify several other accused clubs. Claims 12-21 all include the "substantially uniform thickness" limiting term construed by this court in Vardon I. Judge Kocoras held that Vardon was collaterally estopped from amending its complaint to include claims 12-21 of the '950 patent. Vardon Golf Co. v. Karsten Mfg. Co., No. 00 C 7221, 2001 WL 1117391 (N.D. Ill May 9, 2001) ("Vardon II"). Judge Kocoras reasoned that while Vardon had every opportunity to preserve its ability to appeal or actually appeal the decision in Vardon I, Vardon chose to do nothing. Therefore, Judge Kocoras held in Vardon II that Vardon had had an opportunity to litigate fully and fairly the construction fo the term "substantially uniform thickness" and it may not "have a second bite at the apple" by amending its complaint. Vardon II, 2001 WL 1117391, *5.

On May 25, 2001, Vardon submitted to this court a Motion to Partially Vacate the Court's Memorandum Opinion and Order Dated September 7, 2000 (the "5/25/01" motion"). In the 5/25/01 motion, Vardon requested this court to vacate its September 7, 2000, decision as it relates to the '941 patent "in light of extraordinary circumstances which have left Vardon without

2

the ability to appeal the [September 7, 2000 Opinion and Order]." Id. at pg 2. Vardon argued that if this court were to vacate its September 7, 2000 decision, Vardon may then seek reconsideration of Judge Kocoras' decision and could also "file a new (third) action – one which could not be issue precluded . . ." Id. at pg 5. This court denied Vardon's motion in a Minute Order issued on May 31, 2001.

Vardon once again seeks to substitute the '950 reissue patent into the case before this court. Having already decided the issue in the May 31, 2001 Minute Order, this court sees no reason to waste additional resources and time in reconsidering issue which have already been presented. Therefore, Vardon's motion to substitute the '951 patent into the case is denied in its entirety.


**Enter:**

David H. Coar
**United States District Judge**


**Dated:** March 12, 2002