
Minute Order

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2785 | **DATE** | 3/12/2002 |
| **CASE TITLE** | Vardon Golf Company vs. Karsten Mfg. Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, Karsten's motion for reconsideration of this court's September 7, 2001 summary judgement determination with respect to U.S. Patent 5,401,021 is granted in part and denied in part. [Doc. #152]

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 8 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2002 date docketed | 174 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3-13-02 date mailed notice | |
| vg(lc) | | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Vardon Golf Company, Inc., | ) |
| Plaintiff, | ) |
| | ) No. 99 C 2785 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| Karsten Manufacturing Corporation, | ) |
| | ) DOCKETED |
| Defendant. | ) MAR 1 4 2002 |

## MEMORANDUM OPINION AND ORDER

Before this court is defendant/counter-plaintiff's, Karsten Manufacturing Corporation ("Karsten") motion for reconsideration of this court's September 7, 2001 summary judgement determination with respect to U.S. Patent 5,401,021 (the "021 Patent"). For the following reasons, Karsten's motion to reconsider is granted in part and denied in part.

## Background

On March 1, Karsten filed a "Motion for Summary Judgement of Non-Infringement and Invalidity of the '021 Patent," requesting a finding of non-infringement and invalidity of the asserted claims of the '021 Patent. On April 12, 2000, plaintiff Vardon Golf Company, Inc. ("Vardon") filed its "Response to Karsten's Motion for Summary Judgment and Cross Motion for Summary Judgement of Infringement Claim 3 of the '021 Patent." On May 16, 2000, Karsten filed its "Reply to Vardon's Response to the Motion for Summary Judgment of Non-Infringement and Invalidity of the '021 Patent." On September 7, 2000, this court issued a "Memorandum Opinion and Order" granting summary judgment on non-infringement of Claims

1

3,4,5, and 12 (as to both literal infringement and infringement under the doctrine of equivalents) and Claims 7 and 8 (as to literal infringement). As a result of this court's holding, only allegations of infringement under the doctrine of equivalents of Claims 7,8,14, and 15, and of literal infringement of Claims 14 and 15 of the '021 Patent remain in the case.

On November 29, 2000, and therefore subsequent to this court's ruling, the Federal Circuit issued a decision <u>Festo Corp. v. Skoketsu Kinzoku Kogyo Kabushiki Co.</u>, 234 F.3d 558 (Fed. Cir. 2000). Karsten submits its present motion to reconsider under the auspices of the Federal Circuit's decision in <u>Festo</u>.

**Standard of Review**

Motions for reconsideration serve a "limited function: to correct manifest errors of law or fact or to present newly discovered evidence." <u>Keene Corp. v. International Fidelity Ins. Co.</u>, 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd 736 F.2d 388 (7th Cir.1988). Accordingly, a court will entertain a motion for reconsideration only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D.Va.1983)).

A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir.1990), <u>citing</u> <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E .D.Va.1983). A motion for reconsideration may not be used to introduce

2

new evidence that could have been adduced during the pendency of the summary judgment motion or as an opportunity to present new legal theories. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987), citing Keene, 561 F.Supp. at 665-66.

## Analysis

A.  The Doctrine of Equivalents and the Festo Decision

Karsten argues that the Federal Circuit's decision in Festo materially changed the law governing and application of the doctrine of equivalents and therefore this court's September 7, 2000, decision must be reconsidered.

In the present case both parties agree that in light of Festo the doctrine of equivalents infringement is precluded for '021 Patent Claims 7-8 and 14-15. This court's accepts/agrees that the Festo decision has materially changed the law governing the doctrine of equivalents and acts to preclude doctrine of equivalents infringement for '021 Patent Claims 7-8 and 14-15.[1]

B.  The Validity Issue

In addition, Karsten moves this court to reconsider its September 7, 2000, ruling on invalidity, arguing that evidence before this court allows this court to grant summary judgement in Karsten's favor. This court disagrees.

This court has repeatedly held that "motions for reconsideration served a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." In this case, Karsten has not provided any evidence demonstrating that the "measurements" of the golf clubs is newly discovered. Consequently, this court cannot see any reason to reconsider its September 7, 2000 ruling as to Vardon's remaining claims of literal infringement.

---

[1] Vardon's literal infringement claims as to Claims 14 and 15 remain.

3

## Conclusion

For the foregoing reasons, Karsten's motion for reconsideration of this court's September 7, 2001 summary judgement determination with respect to U.S. Patent 5,401,021 is granted in part and denied in part.

**Enter:**

_____
David H. Coar
United States District Judge

**Dated:** March 12, 2002