Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2785 | **DATE** | 6/27/2002 |
| **CASE TITLE** | Vardon Golf Company vs. Karsten Manufacturing Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Vardon's motion for reconsideration of this court's March 12, 2002 summary judgement determination with respect to U.S. Patent 5,401,021 claims 7-8 and 14-15 is GRANTED and Karsten's motion for hearing on claim construction is DENIED. [Doc. #s 176, 190, 191].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 28 2002 | |
| ✓ | Notified counsel by telephone. *Copies Picked up by attorneys* | | date docketed | 214 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| vg(lc) | courtroom deputy's initials | | 02 JUN 27 PM 2:51 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Vardon Golf Company, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 99 C 2785 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| Karsten Manufacturing Corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUN 2 8 2002

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff/counter-defendant's, Vardon Golf Company, Inc. ("Vardon"), motion for reconsideration of the doctrine of equivalents issue as to '021 patent claims 7-8 and 14-15 in light of the Supreme Court's May 28, 2002 decision in Festo Corp. v. Shoketsu Kinzoku Kogyo Kabshiki Co., Ltd., et al., 122 S.Ct. 1831 (2002). In addition, defendant/counter-plaintiff, Karsten Manufacturing Corporation ("Karsten") has moved this court to hold a hearing on claim construction. For the following reasons, Vardon's motion to reconsider is GRANTED and Karsten's motion for a hearing on claim construction is DENIED.

### Background

On March 1, 2000, Karsten filed a "Motion for Summary Judgement of Non-Infringement and Invalidity of the '021 Patent," requesting a finding of non-infringement and invalidity of the asserted claims of the '021 Patent. On April 12, 2000, plaintiff Vardon Golf Company, Inc. ("Vardon") filed its "Response to Karsten's Motion for Summary Judgment and Cross Motion for Summary Judgement of Infringement Claim 3 of the '021 Patent." On May 16, 2000, Karsten

1

214

filed its "Reply to Vardon's Response to the Motion for Summary Judgment of Non-Infringement and Invalidity of the '021 Patent." On September 7, 2000, this court issued a "Memorandum Opinion and Order" granting summary judgment on non-infringement of Claims 3,4,5, and 12 (as to both literal infringement and infringement under the doctrine of equivalents) and Claims 7 and 8 (as to literal infringement). As a result of this court's holding, only allegations of infringement under the doctrine of equivalents of Claims 7,8,14, and 15, and of literal infringement of Claims 14 and 15 of the '021 Patent remained in the case.

On November 29, 2000, and therefore subsequent to this court's ruling, the Federal Circuit issued a decision <u>Festo Corp. v. Skoketsu Kinzoku Kogyo Kabushiki Co.</u>, 234 F.3d 558 (Fed. Cir. 2000). Thereafter, Karsten submitted a motion to reconsider this court's September 7, 2000 Order in light of the Federal Circuit's ruling in <u>Festo</u>. In response to Karsten's motion, Vardon agreed that the Federal Circuit's decision in <u>Festo</u> materially changed the law governing the doctrine of equivalents and operated to preclude doctrine of equivalents infringement for '021 Patent Claims 7-8 and 14-15. Vardon noted, however, that the U.S. Supreme Court had granted Festo's petition for a writ of certiorari on June 18, 2001. Vardon stated that "[i]f the Federal Circuit's divided decision in <u>Festo</u> is reversed and the scope of claim amendments must in fact be examined for estoppel purposes, then Vardon believes that the doctrine of equivalents does indeed apply as to '021 patent Claims 7-8 and 14-15." (Vardon's Response to Karsten's Motion For Reconsideration). This court issued a ruling on March 12, 2002, in response to Karsten's motion, which agreed with both parties that "the Federal Circuit's decision in <u>Festo</u> materially changed the law governing the doctrine of equivalents and act[ed] to preclude doctrine of equivalents infringement for '021 Patent Claims 7-8 and 14-15." (Memorandum Opinion and

Order, March 12, 2002).

On May 28, 2002, the Supreme Court issued a ruling in Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 122 S.Ct 1831 (2002) ("Festo II"). Vardon brings its present motion in light of the Supreme Court's decision in Festo II.

## Standard of Review

Motions for reconsideration serve a "limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Keene Corp. v. International Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd 736 F.2d 388 (7th Cir.1988). Accordingly, a court will entertain a motion for reconsideration only where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)).

A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.1990), citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983). A motion for reconsideration may not be used to introduce new evidence that could have been adduced during the pendency of the summary judgment motion or as an opportunity to present new legal theories. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987), citing Keene, 561 F.Supp. at 665-66.

3

**Analysis**

**I. Motion To Reconsider**

**A.**

Vardon argues that the Supreme Court's decision in Festo II materially changed the interpretation of the law governing and the application of the doctrine of equivalents, as explained in its decision in Festo, and therefore this court's March 12, 2002 decision, barring Vardon from bringing claims for infringement on '021 patent Claims 7-8 and 14-15 due to doctrine of equivalents, must be reconsidered. This court agrees.

At the present time, this court is unable to locate an Appellate Court or federal District Court decision employing the Supreme Court's recent holding in Festo II. Consequently, this court's application of the Supreme Court's holding in Festo II will be one of first impression.

In Festo II., the Supreme Court vacated and remanded the Federal Circuit's holding in Festo. In Festo, the Federal Circuit, sitting en banc, held that prosecution history estoppel barred Festo from asserting that the accused device infringed its patents under the doctrine of equivalents. 234 F.3d 558 (2000). The court held, with one judge dissenting, that estoppel arises from any amendment that narrows a claim to comply with the Patent Act, not only amendments made to avoid prior art. Id. at 566. The Court of Appeals further held that when estoppel applies, it stands as a complete bar against any clam of equivalence for the element that was amended. Id. at 574-575. The Court acknowledged that this was a deviation from its prior case law. Previous decisions had held that prosecution history estoppel constituted a flexible bar, foreclosing some but not all, claims of equivalence, depending on the purpose of the amendment and the alterations in the text. The Court concluded, however, that its decisions applying the

4

flexible-bar rule should be overruled because this case-by-case approach had proved unworkable. In the court's view a complete-bar rule with respect to estoppel would promote certainty in the determination of infringement cases.

Upon review, the Supreme Court agreed with the Court of Appeals that any narrowing amendment made to satisfy any requirement of the Patent Act may give rise to an estoppel:

> A patentee who narrows a claim as a condition for obtaining a patent disavows his claim to the broader subject matter, whether the amendment was made to avoid the prior art or to comply with § 112. We must regard the patentee as having conceded an inability to claim the broader subject matter or at least as having abandoned his right to appeal a rejection. In either case estoppel may apply.

Festo II, 122 S.Ct. 1831, 1840.

The Supreme Court rejected, however, the Federal Circuit's adoption of a complete-bar rule with respect to the doctrine of equivalents, explaining that such a rule is not consistent with the purpose behind prosecution history estoppel, which is to hold the inventor to the representations made during the application process and to the inferences that may reasonably drawn from the amendment:

> After amendment, as before, language remains an imperfect fit for invention. The narrowing amendment may demonstrate what the claim is not; but it may still fail to capture precisely what the claim is . . . The amendment does not show that the inventor suddenly had more foresight in the drafting of claims than an inventor whose application was granted without amendments having been submitted. It shows only that he was familiar with the broader text and with the difference between the two. As a result, there is no more reason for holding the patentee to the literal terms of an amended claim than there is for abolishing the doctrine of equivalents altogether and holding every patentee to the literal terms of the patent. [] This view of prosecution history estoppel is consistent with our precedents and respectful of the real practice before the PTO.

Festo Corp. II, 122 S.Ct. at 1841.

5

The Supreme Court's rejection of the complete-bar rule requires that this court reconsider it's March 12, 2002 ruling.

**B.**

This court based its rejection of Vardon's claims for infringement on the principles set out by the Federal Circuit in Festo, namely that by narrowing a claim to obtain a patent, the patentee surrenders any claims of equivalence for the element that was amended. Festo, 234 F.3d 558. Given that Vardon had narrowed claims 7-8 and 14-15 in pursuit of the '021 patent, this court agreed with both parties that the Federal Circuit's decision barred Vardon from asserting infringement in the form of the doctrine of equivalents against Karsten. The Supreme Court's recent reinstatement of the application of a flexible bar with respect to prosecution history estoppel, however, forces this court to reconsider whether Vardon may brings claims for infringement of claims 7-8 and 14-15 under the doctrine of equivalents against Karsten.

The doctrine of equivalents allows the patentee to claim those insubstantial alterations that were not captured in drafting the original patent claim but which could be created through trivial changes. Claims for infringement under the doctrine of equivalents are limited, however, by prosecution history estoppel. Thus, when a patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent. Festo II, 122 S.Ct. at 1838. On the contrary, "[b]y the amendment [the patentee] recognized and emphasized the difference between the two phrases[,] ... and [t]he difference which [the patentee] thus disclaimed must be regarded as material." Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 136-137, 62 S.Ct. 513, 86 L.Ed. 736

(1942).

With respect to the types of amendments that give rise to estoppel, the Supreme Court held that any narrowing amendment made to satisfy any requirement of the Patent Act may give rise to estoppel. Festo II, 122 S.Ct. 1839. The Court further held, however, that the possibility of estoppel does not bar the inventor from asserting infringement against any equivalent to the narrowed element. Id. at 1840.

Reiterating the standards established in Warner-Jenkinson Co. v. Hilton Davis Chemical Co., 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146, the Supreme Court stated that a patentee has the burden of establishing that an amendment does not surrender the particular equivalent in question. Id. at 1841. "The patentee must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent." Id. at 1842.

If a "patentee is unable to explain the reason for amendment, estoppel not only applies, but also 'bar[s] the application of the doctrine of equivalents as to that element.'" Id. (citing Warner-Jenkinson, 520 U.S. at 33). The Court found, however, that "[t]here are some cases where the amendment cannot reasonably be viewed as surrendering a particular equivalent." Id. If for example the equivalent was unforseeable at the time of the application, then the patentee could not reasonably be expected to have described the insubstantial substitute in question. Id. In such cases, the patentee can overcome the presumption that prosecution history estoppel bars a finding of equivalence. Id.

7

## C.

In the present motion before this court, Vardon argues that, given the change in law, it should once again be permitted to attempt to prove infringement under the doctrine of equivalence as to '021 patent claims 7-8 and 14-15.

In support of Vardon's contention, it argues that it could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent, i.e. the ring and the dot of the ISI clubs. Further, Vardon asserts that the ring and dot have only a "peripheral or tangential" relation to the reinforcing function provided by the much greater length and mass of the five ribs in the rear cavity of the ISI clubs.

Vardon's argument is supported by the fact that an examination of claims 7 and 15, as originally filed with their amendments, demonstrates that the amendments do not implicate the ring and dot elements of the ISI irons. The amendments focus primarily on structural explanations and descriptions. In addition, the arguments made as to these claims during their prosecution did not address the distinctions now alleged between Vardon's irons and the Ping ISI irons. For example, in response to a prior art rejection, Vardon argued that the prior art (Lockwood and Antonius) did not include reinforcing elements or reinforcing elements increasing in height from the approximate center to the perimeter wall that permit the use of an enlarged hitting area. Vardon's arguments did not emphasize the more cosmetic aspects of the of irons. In making amendments, Vardon chose not to address the fact that the cited prior art Antonious had an iron with a dot in the center area of the rear cavity while the Vardon iron did not, but, nonetheless, the PTO granted the '021 patent. Such history indicates that even the PTO considered the distinction insubstantial.

8

Karsten argues that Vardon's motion fails to overcome and rebut its presumption of estoppel. Karsten does not provide, however, any evidence to support its contention that "territory surrendered" by the Vardon amendments to claims 7 and 15 encompass the distinctions between the ISI irons and Vardon's. Instead, Karsten repeatedly states the amended text of the '021 patent claims 7 and 15. But this exercise does not provide any guidance as to why such amendments surrender Vardon's right to bring claims for infringement against clubs that have a "ring and a dot."

Karsten asserts that "Vardon cannot avoid estoppel when it effectively admits that the 'territory surrendered' is the same as the 'alleged equivalent.'" This statement by Karsten, however, is misleading. As discussed above, Vardon supported its motion, in part, by providing that it did not address the fact that Antonious iron, a cited prior art, had a dot in the center area of the rear cavity, but nonetheless was granted a patent - therefore suggesting that the PTO did not think the difference significant enough to necessitate distinction.

Consequently, Vardon has overcome the presumption of estoppel barring any claims of infringement as to the '021 patent claims 7-8 and 14-15 equivalence against Karsten.[1]

## II. Motion For Hearing on Claim Construction

Karsten argues that the meaning of certain terms used in Claims 14 and 15 of the '021

---

[1] Karsten has argued in the alternative that should this court reconsider prosecution history estoppel as to '021 patent claims 7-8 and 14-15, it should hold a <u>Markman</u> hearing in order to determine the scope of the estoppel in this case. In this court's opinion, however, the legal parameter's of Vardon's claims under the doctrine of equivalence have been well discussed and debated in earlier summary judgment submissions and were addressed in the Memorandum Opinion and Order issued by this court on September 7, 2000. Consequently, this court is does not see any need to hold a <u>Markman</u> hearing in order to determine the scope of estoppel as to '021 patent claims 7-8 and 14-15 for infringement under the doctrine of equivalence in this case.

patent remain in dispute and requests and opportunity to be heard regarding its proposed construction of these terms. For the following reasons, Karsten's motion is denied.

Karsten's motion for a hearing on claim construction is untimely and unnecessary. This court's summary judgement motion delineating the issues for trial was available on September 7, 2000. Karsten, for a reason that has remained unexplained, has decided to wait until May 14, 2002, only two months before trial, to request a Markman hearing in order to clarify claim construction.

In addition, the terms that Karsten moves to further construe in this motion either have been sufficiently clarified in the process of bringing this controversy to trial or need not be further clarified for the purposes of trial. Specifically, the term "reinforcing" was addressed in this court's September 7, 2000 Memorandum and Opinion. With respect to terms "reinforcing canceled elements" and "weighting elements", these terms, as noted by Vardon, are sufficiently explained by the construction of the term "reinforcing." A separate hearing on the each of these terms in unnecessary. Lastly, the term "significantly increase" need not be construed since there is nothing in the record of the '021 patent to suggest that this term should be given anything other than its plain, ordinary meaning.

Consequently, Karsten's motion for a hearing on claim construction is denied.

## Conclusion

For the foregoing reasons, Vardon's motion for reconsideration of this court's March 12, 2002 summary judgement determination with respect to U.S. Patent 5,401,021 claims 7-8 and 14-15 is GRANTED and Karsten's motion for hearing on claim construction is DENIED.

Enter:

_David H. Coar_
David H. Coar
United States District Judge

Dated: June 27, 2002